UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CLARENCE JAMES ROGERS,
   Plaintiff,

   vs.                                       No. 05-1353

DONALD HULICK, et.al.,
   Defendants

## CASE MANAGEMENT ORDER #2

     This cause is before the court for consideration of various motions including: the defendants' motion to dismiss the complaint partially [d/e 31]; the plaintiff's discovery motions [d/e 47, 53, 62, 63]; the plaintiff's motion for a temporary restraining order or preliminary injunction [d/e 60] and the defendants' motion to strike the plaintiff's second motion to compel [d/e 71]

     The plaintiff filed his lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Hill Correctional Center. The plaintiff has named fifteen defendants including Warden Donald Hulick; Correctional Officers Cornealious Sanders, Ed Anderson, James Critzer, Ronald Turnquist, Wayne Steele, James Carothers, Tammy Bennett, Robert Shisler and R. Melton; Administrative Review Board Members Melody Ford and Brian Fairchild; Major S. Knott, Illinois Department of Corrections Deputy Director Barbara Hunt and Director Roger Walker.

     On December 7, 2005, the court conducted a merit review of the plaintiffs complaint and found that the plaintiff had adequately alleged that:

> a) The defendants violated the plaintiff's Eighth Amendment rights when they failed to protect him from an attack by another inmate.
> b) The defendants violated the plaintiff's First Amendment rights when they retaliated against the plaintiff for his grievances and complaints.
> c) The defendants violated the plaintiff's Due Process rights when they did not allow him to present any witnesses or evidence during a disciplinary hearing.

## MOTION TO DISMISS

     The defendants have now filed a motion to dismiss the third allegation of the plaintiff's complaint. The plaintiff has alleged that during an Adjustment Committee hearing on March 15, 2005, Defendants Carothers and Sanders refused to allow any of his witnesses or any other evidence from the plaintiff. The plaintiff was found guilty of the offense and was demoted in grade status for two months, received two months in segregation and a disciplinary transfer.

     The defendants argue that the plaintiff has failed to demonstrate that the defendants violated his due process rights. "To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself." DeWalt v. Young, 224 F.3d 607, 613 (7th Cir. 2000)(citations omitted). The plaintiff does have a constitutionally protected interest in the good time credits he has earned. Whitlock v. Johnson, 153 F.3d 380, 385 (7th cir. 1988). However, the plaintiff admits he did not lose good time credits. Additionally, disciplinary segregation itself does not necessarily implicate the due process

1

clause, if "such segregation does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995); Wagner v. Hanks, 128 F.3d 1173, 1176 (7th Cir. 1997).   The plaintiff has not demonstrated that any of the discipline imposed deprived him of a protected liberty or property interest. *See also* Whitford v. Boglino, 63 F.3d 527, 533 n. 7 (7th Cir. 1995) (Demotion in grade status does not implicate federal due process rights.); Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998).

The defendants are correct and the court will dismiss the due process allegation.  The court will not dismiss Defendants Carothers and Sanders at this time because the plaintiff alleges that the named defendants took no action when he told them he needed to be protected from another inmate or when he claimed that Officer Bennett was retaliating against him.

MOTION TO COMPEL

The plaintiff has filed a motion to compel discovery.   The plaintiff makes a general claim that the defendants' responses to his discovery requests are not complete and has attached all his discovery requests and responses.  This is not a proper motion to compel.  The plaintiff must cite to a specific request and a specific response, and then inform the court why he needs this information and why the defendants should be ordered to provide it.

Nonetheless, the court notes that it appears the plaintiff has provided the same 11 interrogatories to Defendants Hulick, Bennett, Turnquist, Steele, Critser, Carothers, Nott, Anderson and Sanders.   The are three interrogatories which the defendants refuse to provide a response.  For instance, in Interrogatory #3, the plaintiff asks the defendants to describe in as much detail as possible "every policy, procedure and practice that governs the response to inmate-on-inmate threats of violence and inmate-on-inmate violence at Henry Hill Correctional Center." (Plain. Memo, Int. #3).  The court agrees that this request is over broad and better left for a request for production of documents.

In Interrogatory #8, the plaintiff asks the defendants to each describe in detail the "complete circumstances surrounding all other instances in which you have responded to inmate-on-inmate threats and violence while working at the Henry Hill Correctional Center." (Plain Memo, Int. #8.)  The plaintiff also asks the defendants to provide any information about disciplinary action surrounding regarding each event.  The court agrees that this request is irrelevant to the claims in the plaintiff's complaint.   The plaintiff cannot present evidence about other inmate-on-inmate attacks.

In Interrogatory # 9, the plaintiff asks the defendants to state whether there has ever been any complaint made against the defendant while working at the correctional center.   Again, this request has no relevance to the specific issues in the plaintiff's complaint.

As for the plaintiff's request for production of documents, there appear to be several requests that the defendants refused to provide a response.  In his first request, the plaintiff asks for "all documents that contain, mention, construe or refer to policies on staff supervision of inmates at the Henry Hill Correctional Center." (Plain. Memo, Req. #1.)  The court agrees this request is over broad.  The plaintiff has not limited his request to any particular time period or issue.

The plaintiff's second request asks for "all documents that contain, mention, construe or refer to staff responses to inmate-on-inmate threats and violence at Henry Hill Correctional Center." (Plain. Memo, Req. #2).  The defendants object to the request "for reasons of safety and security and as overly burdensome." (Def. Resp., Req. #2).   The court agrees that this request as stated is over broad.

The plaintiff's third request asks for all documents that refer to his lacerated right eye and emergency dental work "including but not limited to medical intake records, medical request forms and responses, examination and treatment records, hospitalization records, medication logs and discharge forms." (Plain Memo, Req. #3). The defendants object to the production of the plaintiff's medical records because they say the records are available to the plaintiff from the Illinois Department of Corrections. The plaintiff says he is unable to obtain these records. Therefore, the court will order the defendants to provide the plaintiff with any medical records relevant to the January 10, 2005 assault. This includes records from January 10, 2005 to the present.

The plaintiff has also asked for all documents that refer to Inmate Mclarin's institutional conduct at the Henry Hill Correctional Center or any other facility. (Plain. Memo, Req. # 7). The defendants appropriately object that the plaintiff is not entitled to the information in this inmate's master file.

The plaintiff also makes several requests for all reports about inmate violence at the Henry Hill Correctional Center that are over broad and not relevant to the specific issues in the plaintiff's complaint. (Plain Memo, Req. # 8, 9, 10)

Therefore, the plaintiff's motion to compel is denied in part and granted in part. The motion to compel is denied in all aspects except for the plaintiff's request for a copy of his own medical records which are pertinent to the January 10, 2005 assault.

The plaintiff has also filed an additional motion to compel [d/e 63] and motions to extend the discovery period again saying the defendants have not provided relevant documentation. [d/e 53, 62 ] The motions are denied. The defendants' motion to strike the motion to compel is denied. [d/e 71]

MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

The plaintiff has filed a motion for temporary restraining order or preliminary injunction. [d/e 60] The plaintiff says he has not received enough law library time nor has he received copies of documents necessary to respond to the pending motion for summary judgement. The plaintiff is asking that the court order the Illinois Department of Corrections to provide him with more law library time. This is not a proper motion for temporary restraining order or preliminary injunction. In addition, the plaintiff has provided no specific information about when he was allowed law library time or when he was denied law library time. Finally, the court notes the plaintiff has now responded to the motion for summary judgement by filing his own dispositive motion. The motion is denied.

**IT IS THEREFORE ORDERED that:**

**1) The defendants' motion to dismiss the complaint is granted. [d/e 31]. The court will dismiss the plaintiff's due process claim. The plaintiff has two surviving claims including that: 1) the defendants violated his Eighth Amendment rights when they failed to protect him from an attack by another inmate, and 2) the defendants violated the plaintiff's First Amendment rights when they retaliated against the plaintiff for his grievances and complaints.**

**2) The plaintiff's motion to compel discovery is granted in part and denied in part. [d/e 47]. The motion to compel is granted only as to the plaintiff's medical records that pertain to the inmate attack. The defendants are to provide the plaintiff with a copy**

of his medical records relevant to the January 10, 2005 assault from January 10, 2005 to the present.  The defendants must provide this information to the
plaintiff within two weeks of the date of this order.

**3) The plaintiff's second motion to compel [d/e 63] and motions to extend the discovery period [d/e 53, 62] are denied.  The defendants' motion to strike the
second motion to compel is also denied. [d/e 71]**

**4) The plaintiff's motion for a temporary restraining order or preliminary injunction are denied. [d/e 60].**

**5) Due to the additional discovery provided to the plaintiff, the court will
allow the plaintiff a brief extension of time to file a supplement to his motion for summary judgement.    However, the plaintiff may only file a supplement based on the additional records provided by the defendants.  The plaintiff must file any additional supplement on or before December 8, 2006.**

Enter this 13th day of November, 2006.

                              s/Harold A. Baker
                    _____
                              HAROLD A. BAKER
                         UNITED STATES DISTRICT JUDGE