UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CLARENCE JAMES ROGERS,
   Plaintiff,

vs.                                  No. 05-1353

DONALD HULICK, et.al.,
   Defendants

## ORDER

This cause is before the court for consideration of the defendants' motion for summary judgement [d/e 55] and the plaintiff's motion for summary judgement. [d/e 67]. The court notes that plaintiff's motion appears to be more of a response to the defendants motion that an additional motion for summary judgement.

### I. BACKGROUND

The pro se plaintiff filed this complaint pursuant to 42 U.S.C.§1983 against fifteen defendants at the Hill Correctional Center including: Warden Donald Hulick; Correctional Officers Cornealious Sanders, Ed Anderson, James Critser, Ronald Turnquist, Wayne Steele, James Carothers, Tammy Bennett, Robert Shisler and R. Melton; Administrative Review Board Members Melody Ford and Brian Fairchild; Major Stephen Nott, Illinois Department of Corrections Deputy Director Barbara Hunt and Director Roger Walker. The plaintiff has two surviving claims against the defendants in their individual capacities:

   1) The defendants violated the plaintiff's Eighth Amendment rights when they failed
   to protect him from an attack by another inmate.
   2) The defendants violated the plaintiff's First Amendment rights when they retaliated
   against him for his grievances and complaints.

### II. FACTS

The plaintiff was an inmate at Hill Correctional Center during the relevant time frames of his complaint and the defendants were all employees of the Correctional Center or the Illinois Department of Corrections.

Defendant Tammy Bennett is a correctional officer at Hill Correctional Center who is assigned to the Internal Affairs Division. Bennett says inmates frequently complaint about their cell mates and request to change their cell assignments. Some offenders hoping for a housing assignment change can make false claims that their cell mate made threatening comments. Bennett says allowing excessive inmate movement would disrupt the safety and security of Hill Correctional Center.

1

There is no protective custody unit at Hill Correctional Center. Therefore, there are two options for an inmate who believes he is in danger from his cell mate. The inmate may either refuse a housing assignment or request to be placed in segregation under investigative status. If an inmate refuses housing, the inmate will be moved from his housing assignment and issued a disciplinary ticket for the refusal. The ticket will be expunged if the inmate's claims about his cell mate can be substantiated. If not, the offender will be disciplined.

If an inmate asks to be put in segregation under investigative status, the Internal Affairs division will look into the inmate's claims concerning his cell mate. If the claim is substantiated, the inmate will be recommended for transfer to another facility. If the allegation is not substantiated, a disciplinary report may be issued.

Defendant Bennett says the purpose of the policy is to make sure that every inmate has the ability to get out of a dangerous situation.

> Offenders may not be able to ensure removal from their housing assignment unless they refuse housing. Although this means that an offender may not be able to escape a dangerous housing situation without receiving a disciplinary report, this policy is necessary to preserve the safety and security of the institution.(Def. Memo, Bennett Aff, p. 2).

The plaintiff alleges that he told Defendants Anderson, Critser, Sanders, Steele and Turnquist that his cell mate had threatened him prior to January 10, 2005. (Def. Memo, Plain. Depo, p 4, 7). These defendants admit that the plaintiff told them about the threat shortly before the assault, but dispute that they had any knowledge that there was a substantial risk of harm to the plaintiff.

The plaintiff says he was attacked by his cell mate on January 10, 2005. The plaintiff claims his cell mate hit him in the back of the head and pushed his head into the chuck hole gate. He did receive medical attention. The defendants dispute that the injuries were caused by the plaintiff's cell mate and that the plaintiff's cell mate attacked the plaintiff.

Officer Bennett says she interviewed the plaintiff on March 3, 2005 concerning his allegations that his cell mate had assaulted him on January 10, 2005. The plaintiff stated that he was in fear for his safety, and he feared that members of a gang might plot to harm him. The plaintiff also "stated that he was refusing to go back into the population from that point forward." *Id.* Defendant Bennett then issued the plaintiff a disciplinary ticket.

The plaintiff denies that he refused his housing assignment and claims the disciplinary ticket was written in retaliation for his grievance and complaints.

### III. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

2

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. A "material fact" is one that "might affect the outcome of the suit.*"* *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. *Id.*

A party moving for summary judgment initially has the burden of showing the absence of any genuine issue of material fact in evidence of record. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 153 (1970)*; Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). "Summary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994).

IV.  ANALYSIS

A. EIGHTH AMENDMENT

The defendants argue that summary judgement should be granted because the plaintiff can not show that the defendants knew he faced a substantial risk of danger. "Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge from harm from other prisoners." *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). However, to succeed, the plaintiff must show that a "substantial risk of serious harm" existed and that the guard subjectively disregarded that risk." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

The defendants dispute that the plaintiff was assaulted by his cell mate on January 10, 2006. However, the defendants say even if the court accepted the plaintiff's statement as true, the plaintiff has failed to demonstrate that the defendants knew there was an excessive risk to the plaintiff.

The defendants agree that the plaintiff told Defendants Anderson, Critser, Sanders, Steele and Turnquist that his cell mate had threatened to beat him, but say they had no reason to believe there was any real risk to the plaintiff. Furthermore, the defendants argue the plaintiff clearly did not feel he was at risk because he did not refuse housing or request to be placed in segregation under investigative status.

The defendants arguments are not compelling. The defendants do not state specifically what the plaintiff told them about his cell mate and why they did not believe this information was not enough to indicate he was in danger. The plaintiff says he told them his cell mate was going to injure him shortly before the attack. In addition, in his deposition, the plaintiff says he asked to be moved to another cell but his requests were either ignored or he was told he would have to talk to another

official about it.  In response to the plaintiff's interrogatories, the defendants admit that the plaintiff wanted a cell change and kept asking who he needed to talk to. (Plain Memo, Turnquist Resp and Critser response).  It does not appear he was given any response before the alleged attack.  The defendants do not claim the plaintiff was told the only way he could be moved was to refuse housing or request segregation on investigatory status.  In fact, the plaintiff claims he never knew he could request segregation.

The court finds that there are still many disputed issues of material fact as to the plaintiff's claim that Defendants Anderson, Critser, Sanders, Steele and Turnquist were deliberately indifferent to his health and safety.  However, the plaintiff has failed to show that any other defendant had personal involvement with this claim.  "[A] defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981).  The doctrine of *respondeat superior* (supervisor liability) does not apply.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).  "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." *Vance v Peters,* 97 F.3d 987, 992 (7th Cir. 1996).

The fact that the plaintiff complained to other defendants about his safety *AFTER* the alleged assault by his cell mate is not enough.  The plaintiff must demonstrate that the defendants knew of a substantial risk of harm prior to the assault.  The plaintiff has failed to provide any evidence that Defendants Hulick, Carothers, Bennett, Shisler, Melton, Ford, Fairchild, Nott, Hurt or Walker had any reason to know the plaintiff was in danger *BEFORE* the attack.

Therefore, the court will deny any summary judgement motion as to the plaintiff's claim that Defendants Anderson, Critser, Sanders, Steele and Turnquist violated the plaintiff's Eighth Amendment rights, but will grant summary judgement for lack of personal knowledge and responsibility for the remaining defendants on this claim.

B.  RETALIATION

The defendants argue that the court should grant summary judgment on the plaintiff's retaliation claim because he has provided no evidence to support his allegation.   Although it is easy to state a retaliation claim, the burden of proving the claim is heavy. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996); *see also Cole v Litscher*, 2005 WL 627791 (W.D. Wis. March 15, 2005). A bald assertion that the defendants retaliated is not enough. *Benson v. Cady,* 761 F.2d 335, 342 (7th Cir. 1985). A prisoner must prove that his constitutionally protected conduct was a substantial or motivating factor in a defendant's actions. *Spiegla v. Hull*, 371 F.3d 928, 942-43 (7th Cir. 2004).  Once the plaintiff proves that an improper purpose was a motivating factor, the burden shifts to the defendant to prove by a preponderance of the evidence that the same actions would have occurred in the absence of the protected conduct. *Id.* at 943.  Therefore, if a prison officer's actions are supported by legitimate penological concerns, the retaliation claim fails as a matter of law.

The plaintiff alleges that Defendant Bennett issued him a disciplinary ticket for refusing housing in retaliation for his grievance about the assault and his letters to public officials. (Def. Memo, Plain. Depo, p. 19)   The plaintiff says he believes it was unfair to ask him to chose a course of action that would result in a disciplinary ticket and therefore he never said that he was refusing housing.  Therefore, the plaintiff alleges that Bennett wrote the false ticket in retaliation for his grievance concerning the officers failure to protect him.  The defendants do not respond to this argument.

The plaintiff also alleges that Defendants Sanders, Carothers and Hulick retaliated against him when they found him guilty of the disciplinary report or upheld the decision.  The plaintiff alleges they paid no attention to his version of events and it was clear the "committee's mind was made up" before he entered the room. *Id.,* p. 21

In his deposition, the plaintiff also says he believes Defendants Hulick retaliated by not approving him for placement in protective custody and not responding to his emergency grievance in four days.  It is not entirely clear what retaliation claims the plaintiff is alleging against the remaining defendants.

It does not appear as though the plaintiff has a strong claim of retaliation, but both motions for summary judgment leave many unanswered questions.  It is not even clear what the plaintiff's claims are against the individual defendants.  For instance, which defendants retaliated against the plaintiff, what specifically did these individuals do to retaliate, what is the exact chronology of events, did any of the defendants have reason to know of the plaintiff's grievances and letters and would the defendants conduct have been the same even if they did know about his complaints?

Therefore, the court will deny the motions for summary judgement on the retaliation claim, but request additional briefing on this issue.  The plaintiff is to answer each of the following questions:

 1) Name each defendant who retaliated against you and state specifically how that individual retaliated against you,
2) When did you file a grievance concerning the assault? Do you have a copy?
3) When did you write letters about the assault?
4) Do you have any evidence that any defendants knew about your grievance or complaints? If so, please explain.
5) What discipline did you receive for the charge that you refused housing?

In his brief, the plaintiff may refer to specific documents he has already provided to the court, or he may attach documentation that supports his claims.  The plaintiff is advised that his is ONLY TO SUBMIT DOCUMENTATION AND ARGUMENTS PERTAINING TO HIS RETALIATION CLAIM.  If the plaintiff fails to follow the court's order, his claim may be dismissed.

The defendants are also to provide information concerning: 1) the results of the disciplinary hearing; 2) a copy of the plaintiff's grievance or grievances ; 3) the chronology of events;  4) the

defendants knowledge of any of the plaintiff's grievances concerning the assault; and 5) any other information relevant to the plaintiff's retaliation claim.  Since the plaintiff's claims of retaliation are still unclear, the defendants will file their brief in response to the plaintiff.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for summary judgement is denied. [d/e 67].**

**2) The defendants' motion for summary judgment is granted in part and denied in part. [d/e 55].   The motion is granted as to the plaintiff's claim that  Defendants Hulick, Carothers, Bennett, Shisler, Melton, Ford, Fairchild, Nott, Hurt or Walker violated his Eighth Amendment rights.   The plaintiff's surviving claims are as follows:**

> **a)  Defendants Anderson, Critser, Sanders, Steele and Turnquist violated the plaintiff's Eighth Amendment rights when they failed to protect the plaintiff from an inmate assault, and**
> **b) the named defendants violated the plaintiff's First Amendment rights when the retaliated against him for filing grievances and complaining about the assault.**

**3) Th parties are to provide additional briefing concerning the plaintiff's claim of retaliation.   The parties must follow the court's instructions and the plaintiff must answer the specific questions outlined above.**

**4)  The court will abide by the following deadlines:**
**a) the plaintiff's brief must be provided to the court on or before September 7, 2007;**
**b) the defendants' brief must be filed on or before September 21, 2007; and**
**c) if the plaintiff wishes to file a reply to the defendants' brief, it must be submitted to the court on or before October 5, 2007.  NO CONTINUANCES WILL BE GRANTED.**

Entered this____day of August, 2007.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE