UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CLARENCE JAMES ROGERS,
  Plaintiff,

vs.                                              No. 05-1353,

DONALD HULICK, et. al,
  Defendants

CASE MANAGEMENT ORDER

This cause is before the court for consideration of the plaintiff's motion for relief from judgement. [d/e 100]

I. BACKGROUND

The plaintiff originally filed his complaint pro se on November 14, 2005, pursuant to 42 U.S.C. §1983 against 15 defendants at the Hill Correctional Center. After merit review, the court found that the plaintiff had adequately alleged that the defendants had :1) violated his Eighth Amendment rights when they failed to protect him for an inmate assault; 2) violated his First Amendment rights when they retailed against him based on previous grievances; and, 3) violated his due process rights during a disciplinary hearing. December 7, 005 Merit Review Order.

The parties then actively participated in the discovery process. On November 13, 2006, the court granted the plaintiff's motion to compel in part, and granted the defendants' motion to dismiss the plaintiff's due process claim. *See* November 13, 2006 Court Order. On August 8, 2007, the court granted in part and denied in part the defendants' motion for summary judgement. *See* August 8, 2007 Court Order. The order narrowed the number of defendants accused of failing to protect the plaintiff, but it was still unclear who the plaintiff was alleging retaliated against him. Therefore, the court ordered the parties to provide additional briefing concerning the plaintiff's retaliation claim.

In July of 2008, the plaintiff was released from custody and provided the court with his new address. [d/e 87] However, mail sent to the address was returned to the clerk of the court. In August of 2008, counsel entered his appearance for the plaintiff. [d/e 89]

On January 6, 2009, the court granted a partial summary judgement on the plaintiff's retaliation claim. January 6, 2009 Order. The court found that the plaintiff had adequately alleged that one defendant had retailed against him. The case was set for pretrial in January of 2009 and jury trial in February of 2009.

1

At the pretrial conference on January 21, 2009, plaintiff's counsel moved to voluntarily dismiss the lawsuit. Counsel stated that he had been unable to reach the plaintiff after several attempts and therefore could not proceed with the litigation. The motion to dismiss pursuant to Rule 41 of the Federal Rules of Civil Procedure was granted without prejudice. January 21, 2009 Minute Entry.

Four months later, the plaintiff filed a change of address notice and his Motion for Relief from Judgement. [d/e 99, 100]   The motions were filed pro se.

## II. MOTION FOR RELIEF FROM JUDGEMENT

The plaintiff has filed his motion stating that his case should be re-opened.   A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. The  plaintiff's motion is made pursuant to Rule 60 which "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*,  15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the  underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

The plaintiff states that his attorney filed the motion to dismiss his lawsuit without his knowledge or consent, and therefore he has fired counsel. (Plain. Memo, Plain. Aff, p. 1)  The plaintiff says on November 13, 2008, he was arrested for Domestic Battery.  The plaintiff says he spent two days in the custody of the Oak Park Police, before he was transferred to the Cook County Jail.  The plaintiff says he "demanded a trial, was given a sixty-day continuance and transferred to Stateville Correctional Center...on 11/27/2008" were he remained until his trial. The plaintiff says he was found not guilty on January 8, 2009. (Plain. Memo, p 1). The plaintiff says he was then transferred to Western Correctional Center in Mount Sterling, Illinois for a parole hearing and was eventually released on February 25, 2009.

The plaintiff has attached documentation to confirm his arrest and incarceration.  The plaintiff has also included a letter dated February 3, 2009 that was written from the plaintiff's counsel to the plaintiff.  Counsel mentions that he has now received a letter from the plaintiff explaining his incarceration.  Counsel explains the various steps he took to locate the plaintiff and why his case was dismissed.  Counsel also informed the plaintiff that although this case was dismissed, the plaintiff had one year to re-file it.  The plaintiff was specifically advised that he had "until January 21, 2010 to refile the case." (Plain Memo, Feb.3, 2009 Ltr,p . 1). *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir.1985).("the language and history of Rule 41(a) imply [that] the general purpose of the rule is to preserve the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt." )

2

Instead of starting over, the plaintiff chose to file his Motion for Relief from Judgement. The plaintiff does not explain why he did not stay in touch with his counsel or the court for five months. The order setting the pretrial and trial dates was entered nearly two months after the plaintiff was taken into custody. The plaintiff makes no claims that he made any efforts to inform his counsel or the court of his situation during his three months of incarceration. The plaintiff makes no claim that he attempted to contact his attorney or the court prior to the dismissal of his lawsuit on January 21, 2009.

Its clear that the plaintiff did make contact with his attorney sometime after this date and was informed by his attorney in early February that his case had been dismissed. Nonetheless, the plaintiff still made no attempt to inform the court of his new address or the reason for his failure to stay in contact with his attorney until April 6, 2009.

The plaintiff was previously informed that he must "immediately notify the court of any change in his mailing address and telephone number. Failure to notify the court of any change in the mailing address will result in the dismissal of this lawsuit with prejudice." December 27, 2005 Scheduling Order, p. 3.

Plaintiff's counsel was forced to move to dismiss the plaintiff's case because the plaintiff had not informed him of his whereabouts and counsel could not proceed to trial without him. When the plaintiff did contact his attorney, he was informed that they could still re-file his lawsuit. Instead, plaintiff fired counsel and took no steps to inform the court of his new address or why he had failed to stay in touch with counsel or the court. The plaintiff ignored the court's specific order that he must immediately inform the court of any change in his mailing address. The plaintiff chose to file this lawsuit and it was the plaintiff's responsibility to actively litigate his claims and stay informed as to the progress of his litigation. The plaintiff chose not to do this. The plaintiff has not met his burden for a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure, and his motion is therefore denied.

**IT IS THEREFORE ORDERED that the plaintiff's motion for relief from judgement is denied. [d/e 100]**

Entered this 22nd Day of March, 2010.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE